106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathlyn M. CUMMINGS, Plaintiff-Appellant,
v.
Eric SMITH, M.D., an Aviation Medical Examiner, Defendant-Appellee.
 No. 95-35846.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Jan. 23, 1997.
 
 Before: ALARCN, NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kathlyn M. Cummings appeals from the order granting summary judgment in favor of Eric Smith, M.D. We affirm because we conclude that Cummings lacks standing to pursue this action.
 
 I.
 
 3
 The record of the undisputed evidence presented to the district court discloses the following facts: On January 14, 1993, Cummings, a commercial airline pilot, experienced dizziness and partial loss of consciousness, immediately after copiloting a commercial flight. On January 29, 1993, Cummings consulted with Dr. Highkin, her primary care physician, regarding her loss of consciousness. At that time, Cummings informed Dr. Highkin that she had previously suffered from approximately 12 similar episodes. Dr. Highkin diagnosed likely vasovagal syncope, and advised Cummings that she should neither fly, nor drive a car, pending further medical evaluation. He provided her with a medical report to give to her employer placing her on medical leave until February 8, 1993. He advised her to see an Aviation Medical Examiner to determine whether she was able to fly. Cummings did not give the report to her employer, and continued to fly commercially.
 
 
 4
 Cummings was examined by Dr. Swenson, a cardiologist, on February 3, 1993. Dr. Swenson diagnosed Cummings as suffering from vasodepressor syncope, or susceptibility to fainting associated with loss of blood pressure. Dr. Swenson advised Cummings to discontinue flying until the reasons for her condition could be determined.
 
 
 5
 On February 4, 1993, Cummings was examined by Dr. Smith, an Aviation Medical Examiner. Dr. Smith, a private physician, was designated by the Federal Aviation Administration ("FAA") as an Aviation Medical Examiner pursuant to 14 C.F.R. § 183.11.
 
 
 6
 Dr. Smith advised Cummings that he was required to "ground" her, and to notify the FAA of her medical condition. He further told her that she would need to give him all of her medical records so that he could submit them to the FAA for their determination of her flight status. Dr. Smith subsequently notified the FAA of Cummings' medical impairment and loss of consciousness.
 
 
 7
 On June 2, 1994, Cummings filed a Bivens[1] action against Dr. Smith, alleging that he deprived her due process of law when he took possession of her medical certificate without prior notice or hearing. Dr. Smith filed a motion for summary judgment on March 8, 1995. The district court granted Dr. Smith's motion on July 18, 1995. Cummings filed timely notice of appeal on August 14, 1995.
 
 II.
 
 8
 In order to invoke the jurisdiction of the federal court, Cummings must demonstrate that she has standing to bring the action. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). At a minimum, she must show that: (1) she has personally suffered some actual or threatened injury; (2) that the injury is fairly traceable to Dr. Smith's alleged conduct, and (3) that the injury is likely to be redressed by the requested relief. Id.
 
 
 9
 Cummings has failed to demonstrate that Dr. Smith's alleged taking of her medical certificate caused her to suffer any injury. Cummings alleged in her complaint that "Smith was obligated to ... leave the [medical] certificate in [Cummings'] hands, thereby allowing her to continue to fly." (emphasis added). We disagree. Federal Aviation Regulation 14 C.F.R. § 61.53 imposes on a pilot a personal obligation not to fly if the pilot has a "known medical deficiency ... that would make him [or her] unable to meet the requirement for his [or her] current medical certificate." Section 67.13(d)(2)(b) provides that a pilot is ineligible for a medical certificate if she has a medical history of "[a] disturbance of consciousness without satisfactory medical explanation of the cause." Once Cummings' personal physician advised her that she could not safely fly because of her unexplained fainting spells, she was obliged to refrain from flying. It was her physical condition which precluded her from flying, not Dr. Smith's alleged taking of her medical certificate. AFFIRMED.
 
 NORRIS, Circuit Judge, dissenting:
 
 10
 The majority holds that Cummings has no standing even though neither party has raised the issue. Although I would like to have the benefit of briefing on the issue, I address it because that is the ground on which the majority disposes of Cummings' appeal.
 
 
 11
 In my view, the majority errs in holding that Cummings lacks standing because she has failed to allege a legally cognizable injury. The majority goes astray when it defines the injury Cummings alleges as the loss of her ability to fly, rather than the violation of her right to procedural due process. The denial of procedural due process is an injury in its own right, and is actionable even without proof of other injury. Carey v. Piphus, 435 U.S. 247, 266 (1978) ("[T]he right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions.") Thus, even if the loss of Cummings' medical certificate had no effect on her ability to fly a plane, the seizure of the certificate itself still constitutes a legally cognizable injury for standing purposes. Whether the seizure was justified by Cummings' physical condition goes only to the question of damages, which is not before us at this time. See id. at 266-67 (plaintiff who establishes violation of procedural due process, even when substantive outcome of proceedings is justified, is entitled to recover nominal damages not to exceed one dollar). Since the alleged due process violation is traceable to Smith's conduct, Cummings has satisfied all the elements of standing. See id. at 266.
 
 
 12
 Since I believe Cummings has standing, I will address the merits of her Bivens action against Smith. Cummings claims that Smith deprived her of her property interest in her medical certificate without due process of law. Smith makes several counterarguments. First, he disputes Cummings' contention that he actually "seized" the certificate, and claims that Cummings relinquished the certificate voluntarily. Next, he argues that Cummings cannot bring this Bivens action because she had adequate alternative remedies. Even if Cummings could bring this action, Smith claims, there is no due process violation as a matter of law because: (1) Cummings had no property interest in her medical certificate after she began to experience dizzy spells, (2) Smith was not acting under color of law when he took Cummings' medical certificate, (3) Smith was allowed to seize the certificate without notice and a prior hearing because an emergency existed; (4) Smith's informal discussions with Cummings satisfied due process. Finally, Smith argues that he is entitled to qualified immunity. I deal with each argument in turn.
 
 
 13
 First, Cummings and Smith dispute whether Smith in fact seized the certificate, or whether Cummings voluntarily turned it over to him. See Appellants' Brief at Exh. C. If Cummings gave up the certificate voluntarily, then there is no due process violation. However, if Smith demanded the certificate or took it without Smith's permission, then as discussed below, he deprived Cummings of property without due process of law. Since there is a genuine dispute of material fact, summary judgment was inappropriate.
 
 
 14
 Smith claims that Cummings' Bivens action is barred because Cummings could have appealed the alleged seizure of her medical certificate through various FAA procedures. I disagree. None of the statutory provisions or regulations cited by Smith provides a remedy for an AME's illegal seizure or revocation of a pilot's medical certificate. See 49 U.S.C. §§ 44702(d)(3) (reconsideration of issuance of certificate); 49 U.S.C.App. § 1355(b) (same); 49 U.S.C.App. § 1429 (procedure for Secretary of Transportation to revoke certificate); 14 C.F.R. § 67.27(a) (reconsideration of denial of certificate). Since neither the regulation nor the statute provides an alternate avenue of relief, Cummings' Bivens action may proceed.
 
 
 15
 Next, Smith claims that Cummings had no property interest in her medical certificate at the time it was seized because her medical condition disqualified her from holding the certificate. However, the question whether Cummings has a property interest in her certificate is separate from the question whether her medical condition would disqualify her from retaining the certificate. As we held in Tur v. FAA, 4 F.3d 766, 769 (9th Cir.1993), a helicopter pilot has a property interest in his airman's certificate, even though the FAA determined that his behavior justified revocation of the certificate. I see no way to distinguish this case from Tur. Thus, Cummings had a property interest in her medical certificate, even after she was obligated by federal aviation regulations to ground herself.
 
 
 16
 Smith's argument that he was not acting as a federal agent when he took Cummings' medical certificate is also meritless. In order for a private party to be a proper Bivens defendant, the private party must be so engaged in federal action that the challenged conduct may be fairly attributable to the federal government. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974). It is undisputed that Cummings went to Smith in his capacity as an AME for the FAA, and that Smith was acting as an AME when he examined Cummings. Moreover, it is undisputed that Smith advised Cummings that he was required to ground her and to notify the FAA of her medical problems. Thus, when Smith took possession of Cummings' medical certificate, he was cloaked with the mantle of federal authority. See West v. Atkins, 487 U.S. 42 (1988) (private physician acting under color of state law for § 1983 purposes when treating patient in state prison under contract with state).
 
 
 17
 Smith also argues that he was permitted to seize Cummings' certificate summarily because her physical condition created an emergency situation. Smith is correct that the government may seize property without first providing notice and opportunity to be heard, but the government may do so only under narrowly circumscribed conditions: (1) the seizure is "directly necessary to secure an important governmental or general public interest"; (2) there is a "special need for very prompt action"; and (3) "the person initiating the seizure [is] a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance." Fuentes v. Shevin, 407 U.S. 67, 91 (1972). In this case, there is a strong public safety interest in ensuring air traffic safety. Whether seizure of Cummings' medical certificate was directly necessary to secure that interest, and whether there was a special need for prompt action because Cummings' fainting spells created an immediate danger to public safety are disputed issues. However, a court need not resolve those issues to hold that Smith nevertheless violated Cummings' due process rights, because under the third Fuentes criteria, Smith was not a government official responsible for determining that seizure of the medical certificate was necessary and justified. While an AME has the authority to issue, renew, or deny medical certificates, 14 C.F.R. § 67.25(a), he does not have the authority to seize or to revoke those certificates. Under FAA regulations, only the FAA Administrator and certain specified high level officials have the power to revoke. 14 C.F.R. §§ 13.19(a), (b). Since Smith did not have the authority to seize or to revoke Cummings' medical certificate, Smith will have deprived Cummings of her property without due process of law if Cummings proves that Smith seized her certificate without consent.
 
 
 18
 In the alternative, Smith argues that Cummings' informal discussion with Smith satisfied due process because no alternative procedures could have been followed under the circumstances. This argument is specious. It escapes me how Cummings' informal discussions with an FAA doctor who believed he had the unilateral power to take her medical certificate could constitute a fair opportunity to be heard. At the least, Smith could have phoned an FAA official responsible for conducting a proper inquiry before suspending or revoking a pilot's medical certificate. Since Smith did not follow authorized procedures, he did not afford Cummings due process.
 
 
 19
 Finally, Smith is not entitled to qualified immunity because he is a private physician, and qualified immunity is not available to a private party engaged in federal action. F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1318 (9th Cir.1989).
 
 
 20
 In sum, I believe Cummings has standing to bring her procedural due process claim, and that summary judgment was inappropriate because there is a genuine issue of material fact as to whether Smith "seized" Cummings' medical certificate or whether Cummings relinquished it voluntarily.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (establishing damages remedy for persons whose constitutional rights have been violated by federal agents)